IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CANDY GARZA, et al.,<br><br>    Plaintiffs,<br> v.<br><br>ORGANON USA, INC., et al.,<br><br>    Defendants.<br>_____/ | No. C 13-04988 RS<br><br>**ORDER GRANTING MOTION TO STAY AND DENYING MOTION TO REMAND WITHOUT PREJUDICE** |

## I. INTRODUCTION

Plaintiffs, individuals allegedly injured by the pharmaceutical product NuvaRing, filed this action in San Francisco County Superior Court. Defendants removed, invoking federal diversity jurisdiction under 28 U.S.C. § 1332. Defendants move to stay these proceedings pending a possible transfer to multidistrict litigation ("MDL") proceedings in the United States District Court for the Eastern District of Missouri. Plaintiffs, meanwhile, seek to remand, arguing that removal was improper. For the following reasons, defendants' motion to stay is granted and plaintiffs' motion to remand is denied without prejudice. The matter is submitted without oral argument pursuant to Civil Local Rule 7-1(b).

## II. BACKGROUND

In this pharmaceutical products liability action, plaintiffs allege that defendants are liable for injuries resulting from the use of NuvaRing, a hormonal contraceptive product. The complaint alleges eleven claims for relief: (1) strict products liability for design defect and failure to warn, (2) strict products liability for manufacturing defect, (3) negligence, (4) breach of implied warranty, (5) breach of express warranty, (6) violation of California Civil Code §§ 1709 and 1710, (7) negligent misrepresentation, (8) fraud by concealment, (9) violation of California Business and Professions Code § 17200, (10) violation of California Business and Professions Code § 17500, and (11) violation of California Civil Code § 1750.

Among other defendants, plaintiffs' complaint names McKesson Corporation, a California-based pharmaceutical distributor. Defendants removed, arguing that McKesson was fraudulently joined and that its California citizenship should be disregarded for purposes of diversity jurisdiction. Defendants then sought to stay these proceedings pending possible transfer to MDL-1964, a NuvaRing-based action ongoing in the United States District Court for the Eastern District of Missouri.[1] Plaintiffs move to remand, arguing that because McKesson's joinder was proper, complete diversity is absent, thereby precluding federal jurisdiction under 28 U.S.C. § 1332. This purported lack of diversity, plaintiffs contend, also precludes the court from issuing a stay.

## III. DISCUSSION

Plaintiffs argue that the court cannot stay these proceedings because it does not have jurisdiction in the first instance. The Ninth Circuit has not yet addressed whether courts must first decide the merits of a motion to remand before determining whether to stay the underlying proceedings. *See Buyak, et al. v. Organon, et al.*, No. 4:13-cv-3128, Dkt. No. 22 at 2 (N.D. Cal.

---

[1] On August 22, 2008, the JPML issued a transfer order establishing MDL Proceeding No. 1964. *See In re NuvaRing Prods. Liab. Litig.*, 572 F. Supp 2d 1382 (J.P.M.L. 2008). Since then, more than 1,400 cases have been transferred to these proceedings, including several actions filed in this district. *See, e.g., Buyak, et al. v. Organon, et al.*, No. 4:13-cv-3128, Dkt. No. 22 (N.D. Cal. 2013); *Clarke, et al. v. Organon, et al.*, No. 4:13-cv-02290, Dkt. No. 36 (N.D. Cal. 2013); *Grove, et al. v. Organon USA Inc., et al.*, No. 3:13-cv-02138, Dkt. No. 24 (N.D. Cal. 2013). Pursuant to Rule 7.5(c) of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, defendants notified the JPML of the pendency of this "tag-along" action on November 5, 2013. Since defendants' motion to stay was filed, the JPML issued Conditional Transfer Order 211, conditionally transferring this case to the NuvaRing MDL. Plaintiffs filed an opposition to CTO 211 on November 22, 2013.

2013). "Generally speaking, a stay is warranted if this would serve judicial economy." *Id.* (citation omitted). Several judges in this district recently have entertained similar motions in NuvaRing products liability actions naming McKesson as a defendant. *See, e.g.,id.*; *Clarke, et al. v. Organon, et al.*, No. 4:13-cv-02290, Dkt. No. 36 (N.D. Cal. 2013); *Grove, et al. v. Organon USA Inc., et al.*, No. 3:13-cv-02138, Dkt. No. 24 (N.D. Cal. 2013); *Burton v. Organon USA Inc., et al,* 4:13-cv-1535, Dkt. No. 21 (N.D. Cal. 2013); *Tucker, et al. v. Organon USA, Inc., et al.,*4:13-cv-00728, Dkt. No. 27 (N.D. Cal. 2013). In each of the aforementioned cases, the court granted defendants' motion to stay without reaching the merits of plaintiffs' motion to remand, reasoning that a stay would serve judicial economy and guard against judicial inconsistency.

Despite this trend, Plaintiffs contend the court should deny the motion to stay. They urge the court to follow the approach taken in *Marble v. Organon USA, Inc.*, 2012 WL 2237271 (N.D. Cal. 2012), another NuvaRing action against McKesson and other defendants. In that case, the court denied defendants' motion to stay and remanded the case to California state court. *Marble*, however, was apparently the first NuvaRing case naming McKesson as a defendant. In denying the stay and ordering remand, the court reasoned that "[b]ecause no other case in the MDL thus far has presented the McKesson issue, there is no economy in sending this action to MDL for resolution." *Id.* at *3. That same district court judge has since distinguished *Marble*, noting that numerous NuvaRing actions against McKesson have been transferred to the MDL. *See Buyak*, *supra*, at 2. In *Buyak*, the court granted defendants' motion to stay, reasoning that a stay would serve judicial economy and consistency. *Id.*; *see also Burton*, *supra*, at 3 ("Since the question whether McKesson is a proper defendant in the NuvaRing cases is now before the MDL, the court finds that judicial economy would be better served by staying this case pending the transfer, rather than by considering the motion to remand."); *Tucker*, *supra*, at 3 ("Permitting [the MDL court] to resolve the issue of fraudulent joinder globally, as opposed to adjudicating the issue prior to transfer, promotes judicial consistency and avoids conflicting judgments.").

Plaintiffs fail to demonstrate that, in contrast to the numerous recent orders granting motions to stay similar NuvaRing actions in this district, defendants' motion should be denied.

## IV. CONCLUSION

For the foregoing reasons, defendants' motion to stay is GRANTED and plaintiffs' motion to remand is DENIED without prejudice. The present action is stayed pending the JPML's decision on transferring the case.

IT IS SO ORDERED.

Dated:  12/9/13

RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE